# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Allan, Russell John Hatton, Michael Benson, Steven Hawkins, Russell Lynn Norton, Danny Stone, Patrick Otten, Ryan White, Kenneth Delaney, David Hamilton, Kenneth Daywitt, Dennis White, Maikijah Hakeem, Daniel A. Wilson, and Joseph Franciosa Thomas, | Case _____ |
| Plaintiffs, | |
| vs. | **Complaint for Declaratory and Injunctive Relief** |
| Minnesota Department of Human Services, Jodi Harpstead in her official capacity as Commissioner of Department of Human Services, Marshall Smith, in his official capacity as Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program, Nancy Johnston, in her official capacity as the Minnesota Sex Offender Program Executive Director, and Kevin Moser, in his official capacity as the Moose Lake Facility Director for the Minnesota Sex Offender Program, | **Jury Trial Demanded** |
| Defendants. | |

The Plaintiffs make the following allegations for their complaint.

## Introduction

Minnesota Department of Human Services and its Commissioner, having ultimate legal responsible and having direct oversight of Minnesota's Sex Offender Program (MSOP), have banned spiritual practices in violation of the Plaintiffs' federal rights under the

Religious Land Use and Institutionalized Persons Act [1] (RLUIPA) and the First

Amendment's Free Exercise Clause of the U.S. Constitution.  RLUIPA and the federal

constitution prohibit the Department from banning the Plaintiffs' spiritual ceremonies and

access to outside religious leaders and volunteers.  Prior to March 13, 2020, the Department,

under its Policy 420-5300,  allowed regular and weekly spiritual gatherings of all religious

beliefs amongst the respective Spiritual Groups of MSOP and allowed outside spiritual

leaders and volunteers to lead those spiritual gatherings.  Since March 13, 2020, the

Department suspended its Policy 420-5300 (Exhibit B) and has prohibited spiritual

gatherings and prohibited outside spiritual leaders and volunteers from leading spiritual

gatherings.  The Department continued its current bans on spiritual practices, even though,

on June 5, 2020, Governor Tim Walz's Executive 20-74 allowed religious ceremonies in

Minnesota subject to 50% occupancy requirements, six foot social distancing and the

wearing of face masks.  The Plaintiffs have suffered irreparable injury and continue to suffer

irreparable injury caused by the Department's ban on spiritual gatherings. The Plaintiffs seek

declaratory and injunctive relief against MSOP.

### Jurisdiction and Venue

1.      Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1331 (federal-

question jurisdiction), 28 U.S.C. § 2201 (declaratory-judgment jurisdiction), 42 USC §§ 1983,

1988 (civil-rights statutes) and 42 U.S.C. § 2000cc, et seq. (RLUIPA).

---

[1] Religious Land Use and Institutionalized Persons Act (RLUIPA), Pub.L. 106–274, codified as 42 U.S.C. § 2000cc, et seq.

2

2.      Under RLUIPA, jurisdiction in this Court is invoked because "the substantial burden [on religion] affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes."  42 USCA § 2000cc-1.

3.      Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are a Minnesota state agency and public officials, with offices within this district, and because the events or omissions giving rise to the claims presented occurred within this district.

## Parties

4.      The individual Plaintiffs are institutionalized persons at the Minnesota Sex Offender Program Moose Lake, Minnesota facility (MSOP).  They are members and representatives of the Spiritual Groups of MSOP.

5.      The Spiritual Groups of MSOP include:

- Native American (Peter Allan, Russell John Hatton, Michael Benson);

- Lutheran (Steven Hawkins);

- Jehovah's Witness (Russell Norton);

- Messianic Christian (Danny Stone);

- Community Bible/Alpha Discipleship (Patrick Otten);

- Roman Catholic (Ryan White);

- Wicca (Kenneth Delaney);

- Asatru (David Hamilton);

- Judaism (Kenneth Daywitt and Dennis White);

- Islam (Maikijah Hakeem);

- Fresh Start—Christian (Daniel Wilson); and

- Moorish Science Temple of America (Joseph Thomas).

- The individual plaintiffs will be referred to as the "MSOP Spiritual Groups" for the sake of convenience in this Complaint unless otherwise individually recognized.

6.      The Defendants include the state agency Minnesota Department of Human Services and its Commissioner Jodi Harpstead. Commissioner Harpstead is sued only in her official capacity as Commissioner of Department of Human Services.

7.      Defendant Marshall Smith, sued in only his official capacity, is the Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program. He oversees policies and their implementation as they may affect incarcerated clients of the MSOP at Moose Lake and St. Peter facilities. Smith is responsible for and oversees the MSOP Executive Director Nancy Johnston.

8.      Defendant, Nancy Johnston, sued only in her official capacity, is the MSOP Executive Director. Johnston wrote and implemented the policy at issue banning gatherings of MSOP Spiritual Groups.

9.      Defendant Kevin Moser, sued only in his official capacity, as Moose Lake Facility Director, is responsible for the Moose Lake facility regarding all other aspects of the facility to hold the clients as incarcerated persons within that facility. He too, will enforce policies relating to the MSOP as is necessary.

10.      The Defendants are collectively referred to herein as the Department.

**Standing**

11.     An actual controversy exists between the parties, and the individual plaintiffs

have suffered an injury-in-fact that is directly traceable to the defendants. 28 U.S.C. § 2201.

Specifically, the MSOP Spiritual Groups have engaged, or propose to engage, in the exercise

of their spiritual practices at the Moose Lake facility in a place of worship where they

perform spiritual ceremonies that also includes the assistance of outside religious leaders and

volunteers. Under the Department's current policy, these spiritual activities are prohibited.

The Department's s current policy has interfered with the MSOP Spiritual Groups federally-

protected religious activities.  The injury to the MSOP Spiritual Groups is real and concrete.

This Court's favorable decision will redress the plaintiffs' injuries and allow them to exercise

their federally-protected religious rights.

**Statement of Facts**

12.     The Religious Land Use and Institutionalized Persons

Act (RLUIPA), Pub.L. 106–274, codified as 42 U.S.C. § 2000cc, et seq., and the First

Amendment's Free Exercise Clause prohibit the Department  from substantially burdening

the plaintiffs' religious rights without showing a compelling need for the restrictions.

13.     Prior to March 13, 2020, the Department recognized spiritual groups by its

Policy 420-5300 (Exhibit A) and allowed regular and weekly spiritual gatherings amongst the

respective Spiritual Groups of MSOP and allowed outside spiritual leaders and volunteers to

lead spiritual gatherings.

14.     Since March 13, 2020, MSOP suspended its Policy 420-5300 (Exhibit B) and has prohibited spiritual gatherings and prohibited outside spiritual leaders and volunteers to go inside the Moose Lake facility to lead spiritual gatherings.

15.     But, on June 5, 2020, Governor Tim Walz's Executive 20-74 re-opened religious ceremonies in Minnesota:

> Places of worship, funeral homes, and other venues that offer gathering space for weddings, funerals, or planned services such as worship, rituals, prayer meetings, or scripture studies, may host such weddings, funerals, or services exceeding the limits set forth above, provided that they adhere to the following requirements:
>
> A.  In all settings, ensure a minimum of 6 feet of physical distancing between households.
>
> B.  In indoor settings, occupancy must not exceed 50 percent of the normal occupant capacity as determined by the fire marshal, with a maximum of 250 people in a single self-contained space.
>
> C.  In outdoor settings, gatherings must not exceed 250 individuals.
>
> D.  Develop and implement a COVID-19 Preparedness Plan in accordance with applicable guidance available at the Stay Safe Minnesota website (https://staysafe.mn.gov).

Executive Order 20-74 at 5 (Exhibit C).

16.     Despite Governor Walz opening up religious ceremonies in Minnesota, the Department continued its current ban on the MSOP Spiritual Groups's spiritual practices.

17.     The Department's current policy bans Native American spiritual practice injuring plaintiffs Peter Allan, Russell John Hatton, Michael Benson, and others in the Native American Spiritual Group at the Moose Lake facility.

18.     Plaintiffs Peter Allan, Russell John Hatton, Michael Benson, and others are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

19.     The attached declarations of Peter Allan, Russell John Hatton, and Michael Benson (Exhibits D, E, and F) are incorporated in these allegations.

20.     The Department's current policy bans Lutheran spiritual practice injuring plaintiff Steven Hawkins and others in the Lutheran Spiritual Group at the Moose Lake facility.

21.     Steven Hawkins and others in the Lutheran Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

22.     The attached declaration of Steven Hawkins (Exhibit G) is incorporated in these allegations. The Department's current policy bans Jehovah's Witness spiritual practice injuring plaintiff Russel Norton and others in the Jehovah's Witness Spiritual Group at the Moose Lake facility.

23.     Russel Norton and others in the Jehovah's Witness Spiritual Group others are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

24.     The attached declaration of Russel Norton (Exhibit H) is incorporated in these allegations.

25.     The Department's current policy bans Messianic Christian spiritual practice injuring plaintiff Danny Stone and others in the Messianic Spiritual Group at the Moose Lake facility.

26.     Danny Stone and others in the Messianic Spiritual Group others are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

27.     The attached declaration of Danny Stone (Exhibit I) is incorporated in these allegations.

28.     The Department's current policy bans Community Bible/Alpha Discipleship spiritual practice injuring plaintiff Patrick Otten and others in the Community Bible/Alpha Discipleship Spiritual Group at the Moose Lake facility.

29.     Patrick Otten and others in the Community Bible/Alpha Discipleship Spiritual Group others are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

30.     The attached declaration of Patrick Otten (Exhibit J) is incorporated in these allegations.

31.     The Department's current policy bans Roman Catholic spiritual practice injuring plaintiff Ryan White and others in the Roman Catholic Spiritual Group at the Moose Lake facility.

32.     Ryan White and others in the Roman Catholic Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

33.     The attached declaration of Ryan White (Exhibit K) is incorporated in these allegations.

34.     The Department's current policy bans Wicca spiritual practice injuring plaintiff Kenneth Delaney and others in the Wicca Spiritual Group at the Moose Lake facility.

35.     Kenneth Delaney and others in the Wicca Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

36.     The attached declaration of Kenneth Delaney (Exhibit L) is incorporated in these allegations.

37.     The Department's s current policy bans Asatru spiritual practice injuring plaintiff David Hamilton and others in the Asatru Spiritual Group at the Moose Lake facility.

38.     David Hamilton and others in the Asatru Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

39.     The attached declaration of David Hamilton (Exhibit M) is incorporated in these allegations

40.     The Department's current policy bans Judaism spiritual practice injuring plaintiffs Kenneth Daywitt, Dennis White and others in the Judaism Spiritual Group at the Moose Lake facility.

41.     Kenneth Daywitt, Dennis White and others in the Judaism Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

42.     The attached declarations of Kenneth Daywitt and Dennis White (Exhibits N and O) are incorporated in these allegations.

43.     The Department's current policy bans Islam spiritual practice injuring plaintiff Maikijah Hakeem and others in the Islam Spiritual Group at the Moose Lake facility.

44.     Maikijah Hakeem and others in the Islam Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

45.     The attached declaration of Maikijah Hakeem (Exhibit P) is incorporated in these allegations.

46.     The Department's current policy bans Fresh Start—Christian spiritual practice injuring plaintiff Daniel Wilson and others in the Fresh Start—Christian Spiritual Group at the Moose Lake facility.

47.     Daniel Wilson and others in the Fresh Start are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

48.     The attached declaration of Daniel Wilson (Exhibit Q) is incorporated in these allegations.

49.     The Department's current policy bans Moorish Science Temple of America spiritual practice injuring plaintiff Joseph Thomas and others in the Moorish Science Temple of America Spiritual Group at the Moose Lake facility.

50.     Joseph Thomas and others in the Moorish Science Temple of America Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs.

51.     The attached declaration of Joseph Thomas (Exhibit R) is incorporated in these allegations.

52.     Without spiritual gatherings, the MSOP Spiritual Groups are also unable to have the assistance of spiritual leaders or volunteers to exercise their spiritual beliefs.

53.     The Department's ban on spiritual practices and gatherings substantially burdens each of the individual the MSOP Spiritual Groups religious rights without a compelling need for the restrictions.

54.     There is no compelling need for the restrictions as the Governor's Executive Order has already re-opened religious activities outside of the Moose Lake facility.

55.     Further, since there is no longer a strict quarantine at the Moose Lake facility, as incarcerated clients eat together, work together and work-out together across units and visitors are being allowed. The cafeteria, library and gym are open.  There has been no accommodation for spiritual gatherings.  Therefore, there is no compelling reason not to allow religious activities and gatherings.

56.     The MSOP Spiritual Groups have suffered irreparable injury and continue to suffer irreparable injury from the Department's ban of all spiritual practices at the Moose Lake facility.

## Claims

## COUNT I
**The Department's ban on spiritual practices violate the Plaintiffs' RLUIPA rights by substantially burdening gatherings for spiritual practices without a compelling purpose for the restrictions.**

57.     The Plaintiffs incorporate this complaint's previous paragraphs.

58.     RLUIPA states, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest."

42 USCA § 2000cc-1.

59.     The Department of Human Services is a government agency. The Department has overall responsibility for the Minnesota Sex Offender Program. The Commissioner, Jodi Harpstead, in her official capacity, is responsible for the Department.

60.     Marshall Smith is the Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program. He oversees policies and their implementation as they may affect incarcerated clients of the MSOP at Moose Lake and St. Peter facilities. Smith is responsible for and oversees the MSOP Executive Director Nancy Johnston.

61.     Nancy Johnston is the MSOP Executive Director. Johnston wrote and implemented the policy at issue banning gatherings of MSOP Spiritual Groups.

62.     Under Johnston is David Clanaugh, Religious Services Coordinator at the Moose Lake facility. Clanaugh facilitates spiritual practices at Moose Lake and implements the policies are directed by Johnston.

63.     Kevin Moser, as Moose Lake Facility Director, is responsible for the Moose Lake facility regarding all other aspects of the facility to hold the clients as incarcerated persons within that facility. He too, will enforce policies relating to the MSOP as is necessary.

64.     The Department of Human Services, Harpstead, Smith, Johnston, and Moser are interrelated and intertwined together as it relates to the creation of and enforcement of the ban complained of in this Complaint. They are referenced in this Complaint as "the Department."

65.     The Department has imposed a substantial burden on the religious exercise of its clients, the MSOP Spiritual Groups, by banning gatherings for spiritual practices.

66.     Without gatherings, the MSOP Spiritual Groups are also unable to have the assistance of spiritual leaders or volunteers to exercise their spiritual beliefs.

67.     Plaintiffs Peter Allan, Russell John Hatton, Michael Benson and others in the Native American Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

68.     Plaintiff Steven Hawkins and others in the Lutheran Spiritual Group and others are unable to gather, as they had previously to the Department's March 13th directive,

to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

69.    Plaintiff Russel Norton and others in the Jehovah's Witness Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

70.    Plaintiff Danny Stone and others in the Messianic Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

71.    Plaintiff Patrick Otten and others in the Community Bible/Alpha Discipleship Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

72.    Plaintiff Ryan White and others in the Roman Catholic Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

73.    Plaintiff Kenneth Delaney and others in the Wicca Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

74.     Plaintiff Maikijah Hakeem and others in the Islam Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

75.     Daniel Wilson and others in the Fresh Start—Christian Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

76.     Joseph Thomas and others in the Moorish Science Temple of America Spiritual Group are unable to gather, as they had previously to the Department's March 13th directive, to practice their spiritual beliefs as others are allowed under the Governor's Executive Order 20-74, dated June 5, 2020.

77.     Because of the Department's ban, no individual Plaintiff spiritual group has been able to gather to exercise their spiritual beliefs or practices.

78.     Each individual of the MSOP Spiritual Group recognizes the religious importance of gatherings. This includes but is not limited to the need to provide support, moral guidance, and sense of strengthening their respective religious beliefs when doubt may occur when practicing alone, and to help those practicing or would be practitioners to understand their respective religious teachings.

79.     The Department's ban on gatherings for spiritual practices is not in furtherance of a compelling government interest.

80.    The Department's ban on spiritual practices is not the least restrictive means of furthering that compelling state interest.

81.     The Department's bans on spiritual practices violates the MSOP Spiritual Groups federal rights under RLUIPA.

82.    Additionally, RLUIPA applies because the Department's ban on spiritual practices affects, commerce with foreign nations, among the several States, or with Indian tribes," 42 USCA § 2000cc-1, as detailed in the attached declarations.

83.    Because of the ban on spiritual practices, the plaintiffs are not engaging in commerce to personally purchase hundreds, if not thousands, of dollars of the following or similar items used in their respective spiritual practices: tobacco, sage, cedar, sweet grass, bear root, bitter root, red willow bark, herbs, stones, tarps, blankets, prayer tie cloth and string, shovels, rakes, drums and drum materials, stones, wood, ceremonial items, minora, ram's horn, kippas, mattza, communion, study videos, shawls, crosses, staffs, bibles, hand-out materials, study guides, minerals, incense, oils, juice and cakes, books, firewood, horns, movies, documentaries, kosher grape juice, bagels, prayer oils.

84.    If a nationwide ban were put on spiritual practices, such as the Department's ban, the United States' commerce with foreign nations, among the several States, or with Indian tribes would be significantly affected. One study values religious contribution at a conservative estimate of $378 billion and liberal estimate at $4.8 trillion.  Exhibit S. If the nationwide ban terminated religion in U.S., the loss to commerce would be between $378 billion and $4.8 trillion.  *Id.*

85.     Under RLUIPA the Department's current policy has interfered with the MSOP Spiritual Groups' federally-protected religious activities.

86.     Under RLUIPA, the Department's has caused injury to the MSOP Spiritual Groups which is real and concrete.

87.     This Court's favorable decision under RLUIPA for the requested declaratory and injunctive relief will redress the MSOP Spiritual Groups' injuries and allow them to exercise their federally-protected religious rights.

**COUNT II**
**The Department's ban on spiritual practices violate the plaintiffs' First Amendment rights by substantially burdening gatherings for spiritual practices without a compelling purpose for the restrictions.**

88.     The Plaintiffs incorporate this complaint's previous paragraphs.

89.     The U.S. Constitution's First Amendment, incorporated against the states by the Fourteenth Amendment, protects the free exercise of religion:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof…

90.     The Free Exercise Clause applies here because the Department's ban on spiritual practices "prohibits the free exercise of religion" by the Spiritual Groups of MSOP.

91.     The Department is a government agency.

92.     The Department has imposed a substantial burden on the religious exercise of its clients, the Spiritual Groups of MSOP, and the plaintiffs by banning gatherings for spiritual practices.

93.     Because of the Department's ban, no individual Plaintiff's spiritual group has been able to gather to exercise their spiritual beliefs or practices.

94.     Each individual of the MSOP Spiritual Group recognizes the religious importance of gatherings. This includes but is not limited to the need to provide support, moral guidance, and sense of strengthening their respective religious beliefs when doubt may occur when practicing alone, and to help those practicing or would be practitioners to understand their respective religious teachings.

95.     The Department's ban on gatherings for spiritual practices is not in furtherance of a compelling government interest.

96.     The Department's ban on gathering for spiritual practices is not the least restrictive means of furthering that compelling state interest.

97.     The Department's ban on gatherings for spiritual practices violates the MSOP Spiritual Groups' and Plaintiffs' federal rights under the Free Exercise Clause.

98.     The Department's current policy has interfered with the MSOP Spiritual Groups' and Plaintiffs' federally-protected religious activities.

99.     The Department has caused injury to the MSOP Spiritual Groups and the Plaintiffs, which is real and concrete.

100.     This Court's favorable decision under the Free Exercise Clause for the requested declaratory and injunctive relief will redress the MSOP Spiritual Groups' and the plaintiffs' injuries and allow them to exercise their federally-protected religious rights.

**Demand for Jury Trial**

101.     Plaintiffs demand a jury trial.

**Prayer for Relief**

Therefore, the Plaintiffs Peter Allan, Russell John Hatton, Michael Benson, Steven Hawkins, Russell Lynn Norton, Danny Stone, Patrick Otten, Ryan White, Kenneth Delaney, David Hamilton, Kenneth Daywitt, Dennis White, Maikijah Hakeem, Daniel A. Wilson, and Joseph Franciosa Thomas, respectfully ask that this Court to:

1. Grant declaratory relief that the Defendants Minnesota Department of Human Services, Jodi Harpstead in her official capacity as Commissioner of Department of Human Services, Marshall Smith, in his official capacity as Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program, Nancy Johnston in her official capacity as the Minnesota Sex Offender Program Executive Director, and Kevin Moser in his official capacity as the Moose Lake Facility Director for the Minnesota Sex Offender Program violated the Plaintiffs' federally-protected religious rights under the Religious Land Use and Institutionalized Persons Act;

2. Grant declaratory relief that the Defendants Minnesota Department of Human Services, Jodi Harpstead in her official capacity as Commissioner of Department of Human Services, Marshall Smith, in his official capacity as Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program, Nancy Johnston in her official capacity as the Minnesota Sex Offender Program Executive Director, and Kevin Moser in his official capacity as the Moose Lake Facility Director for the Minnesota Sex Offender Program violated the Plaintiffs' federally-protected religious rights under the Free Exercise Clause of the U.S. Constitution;

3.      Grant a preliminary and permanent injunction enjoining the Defendants Minnesota Department of Human Services, Jodi Harpstead in her official capacity as Commissioner of Department of Human Services, Marshall Smith, in his official capacity as Chief Executive Director of Direct Care and Treatment for the Minnesota Sex Offender Program, Nancy Johnston in her official capacity as the Minnesota Sex Offender Program Executive Director, and Kevin Moser in his official capacity as the Moose Lake Facility Director for the Minnesota Sex Offender Program from continued violation of Plaintiffs' federally-protected religious rights, including but not limited to those spiritual practices identified in attached Exhibit T;

4.      Award the Plaintiffs all costs, expenses, and expert witness fees allowed by law;

5.      Award the Plaintiffs attorneys' fees and costs allowed under RLUIPA and 42 U.S.C. § 1988;

6.      Award the Plaintiffs attorneys' fees and costs allowed under Minnesota Statutes §§ 15.471–15.474; and

7.      Award the Plaintiffs such other and further relief as this Court deems just.


Dated:  September 16, 2020                    _/s/ Erick G. Kaardal_____
                                              Erick G. Kaardal, 229647
                                              Mohrman, Kaardal & Erickson, P.A.
                                              150 South Fifth Street, Suite 3100
                                              Minneapolis, Minnesota 55402
                                              Telephone: 612-341-1074
                                              Facsimile:  612-341-1076
                                              Email:  kaardal@mklaw.com
                                              *Attorneys for Plaintiffs*